IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 19-22390-CMB |
| | ) | |
| EDWARD C. LECKEY, | ) | Chapter 7 |
| | ) | |
| Debtor, | ) | Doc. No. _____ |
| | ) | |
| | ) | Related to Doc. No. 78 & 92 |
| EDWARD C. LECKEY | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY J. SIKIRICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RESPONSE TO MOTION TO COMPEL REPORT OF NO DISTRIBUTION AND TO CLOSE CASE

AND NOW comes Jeffrey J. Sikirica, Chapter 7 Trustee of the Bankruptcy Estate of Edward C. Leckey and files this "Response to Motion to Compel Report of No Distribution and Close Case" filed by the above cited Movants stating as follows:

1. through 9. Admitted.

10. Denied as there was correspondence after July 16, 2020.

11. Denied as there is no legal basis to compel the Trustee to file a Report of No Distribution.

### New Matter

12. The underlying matter delaying this case was not the exemptions claimed by the Debtor but what value was the inheritance received by the Debtor within six months of the bankruptcy filing date as a result of the death of his spouse.

13. The death of the spouse was not revealed at the first §341 Meeting of Creditors by the Debtor and a Motion to Compel was required to obtain information related to the inheritance.

14. In determining the net inheritance certain debts of the Debtor's spouse's estate and burial expenses were claimed as an offset and needed reviewed including the inheritance tax return filed in October 2020.

15. As there were inherited retirement accounts it was necessary to extensively review case law to determine if they were excluded as an estate asset under the Supreme Court decision set forth in *Clark v. Rameker*.

16. There were Steeler tickets which were difficult to evaluate the value due to the COVID situation.

17. In light of the previous statements the Trustee has determined there is some non-exempt value from the inheritance received by the Debtor but the amount is not significant to justify administering in this case and for that reason the Trustee will file a Report of No Distribution.

Wherefore, for the reasons previously set forth above, the Trustee requests that the "Motion to Compel Report of No Distribution and Close Case" be denied as MOOT.

Respectfully Submitted By:

/s/ Jeffrey J. Sikirica
Jeffrey J. Sikirica, Trustee

PA I.D. #36745
121 Northbrook Drive
Gibsonia, PA  15044
724-625-2566 (tel)
724-625-4611 (fax)
TrusteeSikirica@zoominternet.net
Chapter 7 Trustee